George M. Kraw (SBN 71551)
Michael J. Korda (SBN 88572)
Katherine A. McDonough (SBN 241426)
Jessica M. Alvarez (SBN 311575)
KRAW LAW GROUP, APC
605 Ellis Street, Suite 200
Mountain View, CA 94043
(650) 314-7800 tel
(7650) 314-7899 fax
gkraw@kraw.com
mkorda@kraw.com
kmcdonough@kraw.com
jalvarez@kraw.com

Attorneys for Plaintiffs:
Resilient Floor Covering Pension Fund, and
Board of Trustees of the Resilient Floor Covering Pension Fund

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(SAN FRANCISCO / OAKLAND DIVISION)**

| | |
|---|---|
| RESILIENT FLOOR COVERING PENSION FUND, <br><br> And, <br><br> BOARD OF TRUSTEES OF THE RESILIENT FLOOR COVERING PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> DARRELL BROWN, <br><br> And, <br><br> DAVID BROWN, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT** |

- 1 -
COMPLAINT

**INTRODUCTION**

1. This is an action to collect delinquent withdrawal liability that Defendants DARRELL BROWN and DAVID BROWN owe to the Plaintiff RESILIENT FLOOR COVERING PENSION FUND (the "Pension Plan"), and to enforce Plaintiffs' demand for withdrawal liability according to the Plan Sponsor's schedule of payments. This action is brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et. seq.*, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (hereinafter "ERISA")

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 29. U.S.C. §§ 1451 (c) which states that district courts of the United States are granted the exclusive jurisdiction over civil actions to redress violations of an employer failing to make withdrawal liability payments pursuant to 29 U.S.C. §§ 1381 *et. seq.*

3. Additionally, this Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1337. Under 28 U.S.C. § 1331, district courts of the United States are granted original jurisdiction over civil actions arising under a federal question of law. Further, 28 U.S.C. § 1337 grants district courts of the United States original jurisdiction over any civil action arising under any act of Congress regulating commerce or protecting trade and commerce against restraining and monopolies.

4. Venue is proper in this Court pursuant to 29. U.S.C. §§ 1451(d) and 1132(e)(2) because this is the district where the plan is administered.

**INTRA-DISTRICT ASSIGNMENT**

5. Pursuant to Civil L.R. 3-2 (c), assignment to the Oakland or San Francisco Division of U.S. District Court for the Northern District of California is appropriate because the Pension Plan is administered in this district and a substantial part of the events giving rise to this action occurred in the County of Alameda.

**PARTIES**

6. Plaintiff RESILIENT FLOOR COVERING PENSION FUND (the "Pension Plan") is a trust fund established and maintained pursuant to the LMRA, 29 U.S.C. § 186 (c)(5). The Pension Plan is an employee benefit plan within the meaning of 29 U.S.C. § 1002 (2) and (3) of ERISA. The Pension

Plan is maintained for the purpose of providing retirement and related benefits to participants. The Pension Plan is also a multiemployer pension plan pursuant to 29 U.S.C. § 1002 (37) of ERISA.

7. Plaintiff BOARD OF TRUSTEES OF THE RESILIENT FLOOR COVERING PENSION FUND (the "Board," collectively with the Pension Plan, "Plaintiffs") is the Plan Sponsor of the Pension Plan per 29 U.S.C. § 1002 (16)(B)(iii) of ERISA. The members of the Board are fiduciaries within the meaning of 29 U.S.C. § 1002 (21)(A) of ERISA.

8. Plaintiffs maintain their principal place of business in Dublin, California.

9. Plaintiffs bring this action on behalf of themselves and plan participants and beneficiaries pursuant to 29 U.S.C. §§ 1132 and 1451 of ERISA.

10. Defendants DARRELL BROWN ("Darrell") and DAVID BROWN ("David," collectively, "Defendants") are individuals and residents of California who owned an unincorporated real estate trade and business under common control with Field Turf Construction, Inc. ("Field Turf"). Defendants and Field Turf constitute a single employer under 4001 (b) of ERISA, 29 U.S.C. § 1301 (b), in an industry affecting commerce within the meanings of Section 3 (5), 3(11), and 3(12) of ERISA, 29 U.S.C. § 1002 (5), (11) and (12).

## FACTUAL ALLEGATIONS

## WITHDRAWAL LIABILITY OF FIELD TURF AND TRADES

## OR BUSINESS UNDER COMMON CONTROL

11. Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 10, as fully set forth herein.

12. Field Turf was a signatory or otherwise bound by a Collective Bargaining Agreement ("CBA") with District Council 16, of the International Union of Painters and Allied Trades (hereinafter referred to as "Union"), under which Field Turf agreed to accept and be bound by all the terms, provisions, and conditions of the CBA. The CBA obligated Field Turf to pay contributions to the Pension Fund in specified amounts for each hour worked by employees performing work covered by the CBA.

13. On or about December 29, 2020, the Pension Plan sent Field Turf a notification of the withdrawal liability assessment of $808,615 and demand for payment thereof (on schedule set forth

by the Pension Plan: quarterly payments for a total of 26 quarters of $37,026 with an additional quarter payment of $13,150). The Pension Plan's notice explained its determination of Field Turf's withdrawal liability. The Pension Plan therefore made a demand for payment in accordance with 29 U.S.C. § 1399 of ERISA.  Though the Plan administrator believes that this notice was mailed, the Plan administrator could not find evidence that it was received.

14. On or around September 27, 2021, by USPS First Class Certified Mail, the Pension Plan mailed a second notice to Field Turf of the withdrawal liability.  The Pension Plan mailed the notice to three different addresses that it identified to be associated with Field Turf. The addresses were all located in Lincoln, California. At least one of the notices was addressed to Darrell, on behalf of Field Turf. Notice to Field Turf constitutes notice to all trades or businesses under common control with Field Turf. The September 27, 2021 notice was received.

15. To date, Field Turf and all trades or businesses under common control with Field Turf have failed and refused to pay their withdrawal liability despite their clear and unequivocal obligations under ERISA and the Trust Agreement.

16. The Pension Fund thereafter sued TD Sports, an alleged successor, for withdrawal liability. The complaint against TD Sports explained that Field Turf had not paid its withdrawal liability. David and Darrell Brown both received copies of that lawsuit.  Thereafter neither Field Turf nor any controlled group members paid Field Turf's withdrawal liability.  Field Turf and all trades or business under common control with Field Turf are in default as defined by 29 U.S.C. § 1399 (c)(5).  Because of Field Turf's default, Field Turf and all trades or businesses under common control with Field Turf are jointly and severally liable for the full amount of the withdrawal liability.

17. The amount due for withdrawal liability totals a minimum of $808,615.00. Further, in accordance with the rules and regulations of the Pension Fund and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and Section 4301 of ERISA, 29 U.S.C. § 1451, Field Turf and all trades or businesses under common control with Field Turf are obligated to pay liquidated damages, interest, attorneys' fees and costs of the action.

18. Field Turf and all trades or businesses under common control with Field Turf have failed to demand or initiate arbitration with the Pension Fund pursuant to 29 U.S.C. § 1401.

19. Because it failed to demand or initiate arbitration regarding its withdrawal liability dispute, Field Turf and all trades or businesses under common control with Field Turf have waived their right to dispute its withdrawal liability, which is now due and owing pursuant to 29 U.S.C. § 1401(b)(1).

## DEFENDANTS OWNED AND OPERATED AN UNINCORPORATED REAL ESTATE BUSINESS UNDER COMMON CONTROL WITH FIELD TURF

20. Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 19, as fully set forth herein.

21. Defendants jointly owned the real property and improvements located at 10056 Turkey Trot Place, Grass Valley, California 95949 ("Turkey Trot Property"). David and Darrell Brown are brothers who also jointly owned Field Turf.

22. Defendants used the real property and improvements at the Turkey Trot Property in Grass Valley, California as an office space for Field Turf and operated Field Turf from the property on Turkey Trot.

23. Field Turf paid a monthly rental fee to Defendants, for use of the Turkey Trot Property.

24. Defendants' activities with respect to the Turkey Trot Property that they owned were regular, continuous, and designed to produce income and therefore constitute an unincorporated real estate proprietorship under common control with Field Turf. As the owners of an unincorporated trade or business under common control with Field Turf, the Defendants are jointly and severally liable for Field Turf's withdrawal liability.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs ask the Court to award them a judgment against Defendants Darrell and David Brown in the full amount of withdrawal liability owed by the Defendants Darrell and David Brown, together with interest, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief to which the Plaintiffs are entitled.

Dated:   January 28, 2025                          Respectfully submitted,

                                                   /s/ Katherine McDonough

George M. Kraw (SBN 71551)
Michael J. Korda (SBN 88572)
Katherine McDonough (SBN 241426)
Jessica M. Alvarez (SBN 311575)
KRAW LAW GROUP, APC
605 Ellis Street, Suite 200
Mountain View, California 94043
Telephone: 650-314-7800
 Facsimile:  650-314-7899

- 6 -
COMPLAINT